## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

CHAMBERS OF
**MICHAEL A. SHIPP**
UNITED STATES MAGISTRATE
JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.   ROOM 2042
NEWARK, NJ 07102
973-645-3827

**Not for Publication**

## REPORT AND RECOMMENDATION

December 12, 2011

**VIA CM/ECF**
All counsel of record

  Re: **Armur Realty, LLC et al. v. Banco do Brasil**
    **Civil Action No. 09-2792 (SRC)**

Dear Counsel:

  This matter comes before the Court on a Motion for the Award of Counsel Fees and Costs on Behalf of Defendant and Counterclaimant Banco do Brasil, S.A. ("Banco" or "Defendant") against Plaintiffs Armur Realty, LLC, 3 Walls Realty, LLC, Carlos Fonseca, and Maria Victoria Fonseca (collectively referred to herein as "Plaintiffs") (Plaintiffs and Defendant collectively referred to as the "Parties"). (Docket Entry Number ("Doc. No.") 64 ("Def.'s Application").) This Report and Recommendation ("R&R") is issued pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the Undersigned recommends that the Court award Defendant **$272,560.43.**

## I.  FACTUAL BACKGROUND

  This matter arises from a lease agreement signed by the Parties on June 27, 2008 for the establishment of a Banco do Brasil retail bank branch operation in Newark, New Jersey. (Doc.

No. 1, Ex. A, Complaint ("Compl.") ¶ 40.)  The lease agreement provides that "[i]f either party brings an action to enforce the terms hereof or declare rights hereunder, the prevailing party in any such action, on trial or appeal, shall be entitled to his reasonable attorneys' fees to be paid by the losing party as fixed by the court."  (Doc. No. 1, Ex. B ("Lease Agreement") ¶ 24.10.)  On April 5, 2011, the Honorable Stanley R. Chesler, U.S.D.J. ("Judge Chesler"), granted Defendant's summary judgment motion and awarded Defendant attorneys' fees.  (Doc. No. 63.) Pursuant to Judge Chesler's Order, Defendant submitted the Declaration of Paul H. Schafhauser, Esq. in Support of its Motion for the Award of Counsel Fees and Costs (Doc. No. 64-1 ("Schafhauser Decl.")), claiming **$512,631.22** in attorneys' fees and disbursements.[1]  Judge Chesler referred the motion to the Undersigned for a R&R regarding the proper amount of attorneys' fees to be awarded.  On September 8, 2011, the Court held an in-person status conference regarding the Motion for the Award of Counsel Fees and Costs.

> Counsel for Defendant provided the following summary of its work in the present matter:
>
> In sum, Counsel (i) conferred with each other and Banco do Brasil, (ii) reviewed the Lease and its terms in detail (including the defendant's right to terminate the Lease and right to seek attorneys' fees for actions involving the Lease), (iii) reviewed the complaint, (iv) prepared and served an answer after effecting a removal of the complaint to this Court, (v) participated in extensive document production amounting to thousands of pages of Bates Stamped documentation in the record, (vi) conducted and defended eleven depositions of witnesses, several of which were full day depositions, and (vii) engaged in several stages of motion practice.  The difficulties of defending Banco do Brasil in this action stemmed in large part from the amount of time required in litigation prior to Banco do Brasil being allowed to move for summary judgment in its favor.

(Schafhauser Decl. ¶ 14.)

---

[1] By correspondence dated September 12, 2011, Defendant reduced its attorneys' fees request to $497,508.80 in light of the Court's concerns regarding the reasonableness of counsel fees in this matter.  As this reduction is *de minimus*, the overall analysis provided within the R&R reflects the original $512,631.22 billed by counsel.

Approximately twenty six individuals, including attorneys, paralegals, legal assistants and a librarian from two firms, billed in this matter.  However, Peter D. Aufrichtig, Esq. ("PDA"), a partner with McCarthy Fingar LLP ("McCarthy Fingar"), Jonathan Engle ("JTE"), a former associate at McCarthy Fingar, Paul H. Schafhauser ("PHS"), a partner with Herrick Feinstein LLP ("Herrick Feinstein"), and Michael O'Malley ("MO"), an associate with Herrick Feinstein, billed the vast majority of the attorneys' fees in this matter.  Messrs. Aufrichtig, Engle, Schafhauser and O'Malley billed 582, 281.75, 117.8 and 221.4 hours, respectively.  (Schafhauser Decl. ¶ 27.)

Defendant provided the following biographical summaries of counsel involved in the matter:

> **Peter D. Aufrichtig** (B.S. in electrical engineering, Cornell University, 1980; J.D. with distinction, Hofstra University School of Law, 1983) is admitted to practice in New York, New Jersey and Maryland, as well the United States Patent and Trademark Office.  Peter Aufrichtig is a partner with the McCarthy Fingar LLP's General Litigation, Commercial Lending and Intellectual Property Law Groups. He is involved in many aspects of general civil litigation, including real estate related litigation with which he has been involved for more than 25 years.

(Schafhauser Decl. ¶ 18.)

> **Jonathan Engle** was an associate with the firm [McCarthy Fingar] who was extensively involved in connection with the document production discovery and the deposition phases of the litigation.

(*Id.*)

> **Paul H. Schafhauser** (B.S. University of Pennsylvania, the Wharton School, 1987; J.D., Boston University School of Law, 1993) is admitted to practice in New York and New Jersey, as well as the United States District Court for the District of New Jersey, the United States Court of Appeals for the Third Circuit and the United States District Court for the Southern District of New York.  Paul Schafhauser is a partner with Herrick whose practice focuses on complex commercial and real estate litigation.

(*Id.*)

**Michael J. O'Malley** (B.A., *cum laude*, Vanderbilt University, 2003; J.D. the George Washington University Law School, 2009) is admitted to practice in New York and New Jersey as well as the United Stated [sic] District Court for the District of New Jersey.  Mr. O'Malley is an associate in Herrick's litigation department and focuses on commercial litigation.

(*Id.*)

Defendant argues that its fee request is reasonable in light of the extensive litigation that ensued in defending Banco against Plaintiffs' claims.  (Doc. No. 67 ("Def.'s Supp. Br.").)  Defendant also notes the following in support of its fee application:

- The litigation was prosecuted in a "ferocious and confrontational manner by Plaintiffs."

- Defendant's summary judgment motion was granted in its entirety by the Court.

- The level of activity billed by the two firms was in line with Plaintiffs' escalating settlement demands.

- The Court determined that the discovery process should not be short-circuited by an early summary judgment motion and permitted the Parties to engage in discovery regarding all of Plaintiffs' claims and defenses.  Had Defendant not been required to participate in discovery, its fees would have been substantially lower.

- "It would have been professional malpractice for us to have done little or no work on this Federal case based on an assumption that the Court would ultimately rule as we had hoped at the outset."

- Attorney's fees increased as a result of the "saga" surrounding the motions to withdraw filed by Plaintiffs' counsel.

- The joint representation by two firms was "fully proper and appropriate" because Banco's relevant personnel were based in New York, and McCarthy Fingar had developed a close relationship with the client while local counsel was more familiar with local customs and practices and New Jersey law on the matters in dispute.

(*Id.* at 5-8.)

Plaintiffs filed correspondence related to Defendant's application on September 8, 2011, which noted that the legal fees must be reasonable.  (Doc. No. 66.)  After careful consideration, the

Undersigned recommends that the Court reduce the attorneys' fees requested by Defendant as provided below.

## II.   **LEGAL STANDARD AND ANALYSIS**

The consideration of attorneys' fees is a matter for the "informed judgment of the district court." *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 158 (3d Cir. 1986).  "[I]n finding counsel fees under a contract . . . [a court's] duty under New Jersey law goes beyond checking the record for statistical evidence of the number of hours a firm worked on a case, its hourly rate, and the bill it sent its client." *Coleco Indus., Inc. v. Berman*, 423 F. Supp. 275, 318-19 (E.D. Pa. 1976) *aff'd in part, remanded in part*, 567 F.2d 569 (3d Cir. 1977) (remanded on separate grounds).  A reasonable attorney's fee is one that is "adequate to attract competent counsel, but which does not provide a windfall to attorneys." *Pub. Interest Research Grp. of N.J., Inc. v. Windall*, 51 F.3d 1179, 1185 (3d Cir. 1995) (internal citation and quotation omitted).

"The first step in the fee-setting process is for the judge to calculate the 'lodestar:' the number of hours *reasonably* expended multiplied by a *reasonable* hourly rate." *Saffos v. Avaya Inc.*, 16 A.3d 1076, 1092 (N.J. Super. Ct. App. Div. 2011) (emphasis added) (internal citation and quotations omitted).  In doing so, "[t]rial court[ ]s should not accept passively the submissions of counsel to support the lodestar amount[.]" *Id.* (alterations in original).  Rather, the Court must conduct its own inquiry as to "whether the number of hours of work claimed is reasonable, and whether the hourly rate sought is reasonable." *R.M. v. Supreme Court of N.J.*, 918 A.2d 7, 12 (N.J. 2007).

In determining an award of reasonable attorneys' fees, "[t]he district court should review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise

unnecessary." *Pub. Interest Research Grp.*, 51 F.3d at 1188 (internal citations and quotations omitted). "[W]here one attorney at a hearing would suffice, fees for additional attorneys at the hearing should be denied as excessive." *Muller-Moreno v. Malouf*, No. L-4464-02, 2009 WL 1361699, at *4 (N.J. Super. Ct. App. Div. May 18, 2009) (internal citations omitted). The Court may also "deduct hours when the fee petition inadequately documents the hours claimed." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Furthermore, "the higher the allowed hourly rate commanded based upon skill and experience, the shorter the time it should require an attorney to perform a particular task." *P.N. v. Clementon Bd. of Ed.*, No. 02-1351, 2007 WL 1186552, at *2 (D.N.J. Apr. 20, 2007) (internal citation and quotation omitted). When deciding "whether the fee request is excessive . . . the court will inevitably engage in a fair amount of 'judgment calling' based upon its experience with the case and the general experience as to how much a case requires." *Weed-Schertzer v. Nudelman, Klemm & Golub*, No. 10-6402, 2011 WL 4436553, at *3 (D.N.J. Sept. 23, 2011) (citing *Evans v. Port Auth. of N.Y. & N.J.*, 273 F.3d 346, 362 (3d Cir. 2001)).

The Undersigned finds that the attorneys' fees requested by Defendant are excessive. Preliminarily, it should be noted that the Undersigned finds that the hourly rates charged were in accordance with the prevailing market rates in the community. However, the Court finds that the number of hours billed was not reasonable. The Undersigned does not find that this case was so complex or the issues so novel as to require the collective efforts of numerous attorneys from two law firms, who regularly billed for the same or similar work, and for intra- and inter-firm correspondence. The lack of novelty in the present matter is demonstrated by a review of the Court's docket, which consists of 67 numbered entries[2] and twenty-one non-numbered entries.

---

[2] *See* Exhibit A.

The twenty-one non-numbered entries consist of:  (a) one Clerk's entry of default; (b) one Clerk's quality control message; (c) nine Court minute entries reflecting Court conferences; (d) four Set/Reset Hearings in which the Court scheduled conferences; (e) two Court Remarks; and (f) four entries setting motion deadlines.

The Undersigned understands that many litigation-related activities such as paper discovery and depositions are not reflected by docket entries.  Moreover, the Undersigned acknowledges that Plaintiffs' counsel were not easy to deal with in the present matter.  The manner in which Plaintiffs' original attorneys chose to litigate then extricate themselves from the case certainly increased the amount of Defendant's attorney time expended defending the case. Not every case runs smoothly and that is the nature of the litigation process.  Nevertheless, a careful review of the billing statements leads the Court to conclude that the overall amount billed was excessive and unreasonable.  The Court performed a thorough review of Defendant's billing records.  However, the billing in this case was so excessive that the attorneys' fees cannot be readily discussed in a line-by-line analysis of the billing records.  Notably, it is particularly difficult (and often impossible) to discern the specific amount of time each biller performed per individual task due to counsels' general practice of billing for multiple tasks within time entries. Therefore, after performing an extensive review of the billing statements, the Court grouped the billing entries and considered excessiveness related to the following categories:  (1) generally excessive fees; (2) fees based on inter- and intra-firm correspondence; (3) summary judgment fees; and (4) fees for redacted and partially redacted work.[3]

---

[3]  Due to the nature of the billing in the case, many entries could fall into more than one category.  In order to avoid duplication, the Court placed each entry into only one category.

A.   Generally Excessive Fees

Exhibit B reflects the generally excessive fees billed in the present matter.  The excessive

fees include multiple instances where more than one attorney from one and/or both firms billed

for the same or similar tasks.  The billing records reveal:

- From 6/18/09 – 6/24/09, after beginning but before completing work on the Answer, **JL** (a legal intern) billed 9.8 hours for "Notes regarding Exhibits" and "MEMO regarding Exhibits."

- **JTE** billed 4.0 hours for attendance at a 9/29/09 conference.

- **PDA** billed 4.25 hours for preparation, travel and attendance at the 9/29/09 preliminary conference.

- **PHS** billed 1.8 hours for attendance at 9/29/09 conference and consultation with PDA re: strategies going forward.

- On 1/12/10 and 1/19/10, **JTE** billed 1.0 hours largely for reviewing a settlement letter draft and other miscellaneous activities.

- From 1/12/10 through 1/19/10, **PDA** billed 13.25 hours to draft and work on a settlement letter and depositions and for various correspondence and emails.

- On 2/2/10, **MO** billed .8 hours to write a letter regarding the change in deposition date.

- From 2/17/10 through 2/18/10, **MO** billed 13.9 hours for the depositions of Al da Silva, Neves and Paredes.

- From 2/16/10 through 2/24/10, **JTE** billed 41.75 hours for numerous conferences (with **PDA**, **PHS** and **MO**), travel, preparation for depositions, attendance at A. DaSilva, M. Nieves and McGrane depositions and correspondence to the Court.

- From 2/16/10 through 2/24/10, **PDA** billed 43.5 hours for preparation, travel and attendance at the depositions of Al da Silva, Marco Neves, Milton Rodriguez, Mauricio Leonardo and Stephen McGrane.  The bills also reflect emails and conferences (with **PHS** and "telephone various").

- **PDA** billed 6.0 hours on 3/2/10 to prepare for and attend a settlement conference, scheduling a deposition and emails.

- **JTE** billed 5.5 hours on 3/2/10 for travel to and from Newark and attendance at court conference, preparation for conference and document review.

- **PHS** billed 2.2 hours on 3/2/10 for case management/settlement conference and "discussion with Peter, Jonathan and Milton."

- From 3/4/10 through 3/31/10, **JTE** billed 22.5 hours for: numerous conferences and communications (with **PDA** and **PHS**), travel, document review, preparation for and attendance at depositions (unspecified) and preparation for C. Glancey and Fonseca depositions.

- From 3/4/10 through 3/31/10, **PDA** billed 35.25 hours for deposition preparation, the depositions of George Mandarakas, Chris Glancey, Carlos Fonseca and Vicky Fonseca. The billings statements also reflect correspondence and "telephone various."

- From 3/24/10 through 3/25/10, **MR** billed 14.5 hours for preparation and review of documents for Chris Glancey's deposition and attendance at Chris Glancey's deposition. The bills also reflect a conference with **PDA** and **JTE**.

- For 4/20/10 and 4/21/10, **JTE** billed 7.0 hours for document review and review of C. Glancey's deposition.

- On 5/20/10, **PDA** billed 3.0 hours to review motion, review and discuss emails, telephone with **PDA**, work on expert report and scheduling of deposition letters.

- On 5/20/10, **MO** billed 1.5 hours for drafting a letter to the Court regarding "Lenny's and Bette's withdrawal and extension for expert witness discovery."

- From 5/20/10 through 5/21/10, **PHS** billed 1.5 hours reviewing, editing, review of revisions and further revisions of letter to Judge Shipp, review of motions to withdraw and correspondence.

- From 5/20/10 through 6/10/10, **JTE** billed 20.75 hours to review moving and reply papers on motions to withdraw from Plaintiffs' counsel, prepare a response to the applications, and revise papers. The bills also reflect numerous conferences and emails (with **PDA**, **PHS** and **MO**).

- From 5/28/10 through 6/11/10, **PDA** billed 5.5 hours for work on expert and attorney motions and to review affidavit, work on response to affidavit, telephone **PHS** regarding reply brief and review a joint letter and discuss with **JTE**.

- On 6/3/10, **MO** billed 1 hour for editing and reviewing affidavit.

- On 7/22/10, **MO** billed 2.2 hours to travel to and from hearing and attending the hearing on the motion to withdraw.

- From 8/30/10 through 9/23/10, **MO** billed 12.6 hours for legal research regarding the motion to dismiss and drafting the motion papers.

- **PHS** billed 1.0 hours for 9/7/10 and 9/21/10 review and revisions to papers regarding motions to dismiss.

- **ESK** billed 16.9 hours from 11/16/10 through 11/22/10 drafting and revising the reply papers to Defendant's motion to dismiss.

- From 11/16/10 through 11/22/10, **PDA** billed 22.75 hours for reviewing papers, working on reply papers to motion to dismiss, to "review changes and assemble drafts," "make final changes," check filing, provide status report and for conference calls with **MO**.

- From 11/17/10 through 11/19/10, **MO** billed 10 hours for drafting, editing and revising the reply brief in support of the motion to dismiss.

- From 11/18/10 through 11/22/10, **PHS** billed 2.1 hours for review and revisions to the reply brief in support of the motion to dismiss.

Defendant's billing counsel are litigation attorneys whose biographical summaries reflect that they are independently capable of defending the matter. (Schafhauser Decl. ¶ 18.)  This is not a *pro hac* case in which local counsel is responsible to oversee the proceedings.  Partners from both McCarthy Fingar and Herrick Feinstein are listed as lead counsel on the docket. Moreover, each of their biographical blurbs provided to the Court in conjunction with the fee application reflects extensive litigation experience.  Defendant had the right to hire two firms, and counsel provided Defendant's reasons for doing so.  However, the Court has an obligation to determine the excessiveness of the fees billed.

As demonstrated above, multiple attorneys billed for preparation and appearances at depositions and conferences.  The generally excessive fees billed also reflect a substantial amount of communication amongst the counsel in the case.[4]  In addition, the billing statements reflect multiple instances of duplicative work.  For the reasons stated, the Court finds that the

_____

[4]  The Undersigned addresses inter- and intra-firm correspondence in Exhibit C below.  As previously explained, there is overlap between categories due to the nature of the bills.

time billed by counsel for the various activities set forth in Exhibit B is excessive given counsels' experience and familiarity with the facts of this case. It is not possible for the Undersigned to calculate the exact amount of attorney time billed for the numerous instances of duplicative and overlapping work due to the nature of the billing statements. After careful consideration, the Undersigned finds that the generally excessive fees total **$114,044.75** and that a fee reduction is warranted. The Undersigned recommends a fee reduction of **$79,831.33**, representing a 70% reduction of the attorneys' fees billed in this category.

      B.    Inter-Firm and Intra-Firm Communications

      Exhibit C reflects inter- and intra-firm communications. The billing statements demonstrate that counsel spent much of their time communicating within and between their firms. Counsel billed for informal meetings and discussions amongst themselves and each attorney billed separately for many of the same discussions, thereby substantially increasing the attorneys' fees. In addition, the billing statements reflect certain duplicate billings for the exact same tasks.[5]

      The billing statements contain a number of entries that solely consist of communications and correspondence within and between firms. These "unbundled" communications/ correspondence are reflected in the chart below.

| Attorney | Hours | Rate | Total |
|----------|-------|------|-------|
| PHS | 8.7 | $425 | $3697.50 |
| JTE | 8.25 | $225 | $1856.25 |
| MO | 2.6 | $425 | $1105.00 |

---

[5] For example, the 2/01/10 Herrick billing statement reflects two .5 time entries for "Telephone call with Peter re: Glancey call and deposition; telephone calls to Glancey and follow-up telephone call with Peter."

| KD     | .25   | $375 | $93.75     |
|--------|-------|------|------------|
| RCE    | .20   | $425 | $85.00     |
| MR     | .25   | $225 | $56.25     |
| Total: | 20.25 |      | $6,893.75  |

The Undersigned recommends a reduction of attorneys' fees for 100% of the above entries,

totaling **$6,893.75**.

The attorneys for both firms generally "bundled" their billing entries and included
multiple individual tasks per time entry. The billing records for these "bundled" activities
reflect:

- On 6/15/09, **JL** billed 2.5 hours for "conference with Peter Aufrichtig" and file review.

- From 9/18/09 through 6/16/10, **JTE** billed 75.5 hours in forty-five entries (in addition to
  the 8.25 hours noted in the chart above). Forty-five out of forty-five time entries for the
  bundled work include one or more references to reviewing, sending and/or receiving
  emails from other counsel in the case and/or conferences with other counsel in the case.
  The entries also reference other tasks, including: reviewing the file; preparing and
  revising interrogatories; research; preparing a memo regarding Plaintiff's first set of
  interrogatories and document production request; reviewing documents; preparing
  responses to interrogatories and requests for production of documents; reviewing lease
  documents; reviewing opposing counsel's discovery requests; analyzing financial
  documents, preparation for depositions; further preparation for depositions; preparation
  for settlement conference; reviewing depositions; and preparing letter to the Court.

- From 6/9/09 through 10/10/10, **PDA** billed 109.5 hours in fifty entries. Most of the fifty
  entries for the bundled work in this category include one or more references to "email
  from," "email to," "email with," "conference with," "telephone with," "discuss with,"
  "work on . . . with," and/or "coordinate . . . with" various counsel within and between the
  two firms. The entries also reference other tasks, including: reviewing papers; forwarding
  papers; reviewing letters; coordinating activities; reviewing filings; working on answer;
  follow up; work on initial disclosures; reviewing letters; consider and get partners' input;
  consider appropriate response to late filing of discovery by Plaintiffs; review discovery;
  revise draft letter; review comments regarding a letter; consider documents; review

Plaintiffs' responses to discovery; "work on getting documents"; "coordinate search through my documents"; work on discovery responses for documents and interrogatories; review documents; deal with confidentiality order issue; work on Notices of Deposition; work on documents requested of deponents; work on scheduling; discussions regarding deposition notices; work on scheduling of depositions; deposition prep.; work to rescheduling depositions after cancelling depositions; preparation for settlement conference; review letter; and draft letter.

- On 10/5/09, **RMR** billed 1.50 hours for a conference with Peter D. Aufrichtig, Kathleen Donelli and Joseph P. Harrington.

- From 2/9/10 through 12/22/10, **MO** billed 5.3 hours (in addition to the 2.6 hours referenced in the chart above). Most of the fifteen entries for the bundled work in this category include one or more references to telephone conferences with, "talking with," emails to and from and correspondence to and from other counsel in the case. The other tasks referenced by the entries include: "confirming depositions are going forward tomorrow; emailing [other counsel] and requesting a court reporter"; checking to see if plaintiffs filed opposition; and reviewing order on motion to dismiss.

- From 4/20/09 through 5/11/11, **PHS** billed 38.0 hours (in addition to the 8.7 hours referenced above). Many of the entries in this category refer to "correspondences," calls and telephone conferences. The other tasks referenced by the entries include: review of court docket to ascertain status; review and consideration of draft initial disclosures; review of notice of appearance; review and revision of joint letter; "review of Armur's discovery responses and outlining of areas of document review"; "review" and "consideration" of a number of various correspondence and documents; "follow-up"; and numerous other "review" and "revision" entries.

A careful review of this matter leads the Undersigned to conclude that the case did not require the extensive correspondence and communications within and between the firms and the duplicative efforts of several attorneys from two firms. As such, the Undersigned recommends a reduction for the bundled entries. Counsel billed a total of **$83,133.75** in activities that include excessive inter- and intra-office communications. While these unbundled time entries also include other tasks, many of those were either duplicative or otherwise excessive. After careful consideration, the Undersigned recommends a **$62,350.31** reduction of attorneys' fees for the

unbundled entries, representing a 75% reduction of attorneys' fees.  This results in a total reduction of **$69,244.06**.

      C.     <u>Summary Judgment Briefing</u>

     Exhibit D sets forth the fees billed in connection with the summary judgment briefing in this matter.  The fees billed by the two firms and their numerous attorneys in connection with the summary judgment briefing are patently disproportionate to the complexity of the work they performed.  Defendant's summary judgment moving papers contain a one page Notice of Motion and a one-half page Certification of Service.  The Memorandum of Law accompanying the motion includes a:  (a) cover page; (b) Table of Contents; (c) Table of Authorities (referencing six cases and one rule); (d) one paragraph Introduction and two paragraph Preliminary Statement; (e) three and one-quarter page Statement of Facts; (e) seven page Legal Argument; (f) one paragraph Conclusion; and (g) three page, fifteen item Declaration with thirteen exhibits. Defendant also submitted a five page, twenty-seven item Statement of Material Facts and a proposed form of Order.

     The Undersigned understands that counsel must comply with the page limit requirements provided in the Local Civil Rules and that length does not necessarily equate with complexity. However, it is clear from a review of the motion papers that this contract dispute was not particularly complex.  As of Judge Chesler's denial of Defendant's motion to dismiss, Defendant had already been "waiting six months to file a motion for summary judgment."  (Order Denying Motion to Dismiss, December 22, 2010.)  In fact, the billing statements reflect that Defendant started to draft the arguments for its summary judgment brief as early as January 29, 2010.[6]

---

[6]  1/29/10 PHS billing entry provides, "Drafting of brief points on summary judgment standard and on leases/contracts enforced as written, etc.; correspondence to Peter re: same."

Counsel billed the following number of hours in connection with the summary judgment moving papers:

| | |
|---|---|
| MO: | 57.3 hours |
| PDA: | 43 hours |
| KMS: | 14.5 hours |
| PHS: | 3.9 hours |
| TMB: | .9 hours |

The bills submitted in relation to the summary judgment moving brief include substantial hours of: "work," "continue to work," "preparation," "drafting," "continue drafting" and "review." The bills also reflect numerous communications within and between attorneys in the two firms. The Court finds that **119 hours** of attorneys' fees is excessive in light of counsel's experience and given the fact that the briefing was not extensive or complex. Based on a consideration of the billing statements, the substance of the summary judgment motion papers and accompanying exhibits, as well as the development of the litigation as a whole, the Undersigned finds that **119 hours** and **$48,846.50** of billings in connection with Defendant's summary judgment moving papers are unreasonable.

Defendant's counsel billed **95 hours** in conjunction with review of Plaintiffs' summary judgment opposition papers and preparation of Defendant's summary judgment motion reply, which is similarly unreasonable. The hours break down as follows:

| | |
|---|---|
| PDA: | 40 hours |
| MO: | 29.3 hours |
| KMS: | 20.5 hours |
| PHS: | 5.2 hours |

In order to draft its summary judgment reply brief, Defendant's counsel needed to review and consider Plaintiffs' summary judgment opposition papers. The opposition papers were not extensive and included a: (a) cover page; (b) Table of Contents; (c) Table of Authorities (referencing eight cases and one Treatise); (d) introductory paragraph and one paragraph

Preliminary Statement; (e) two page (twenty-seven item) Reply to Defendant's Statement of Material Facts; (f) two and one-half page Counter Statement of Facts; (g) five page Legal Argument; and (h) three and one-half page (twenty-six item) Declaration with eleven Exhibits.[7]

Defendant's summary judgment reply papers consist of a: (a) cover page; (b) Table of Contents; (c) Table of Authorities (referencing seven cases and one statute); (d) one sentence Introduction and one sentence Statement of Facts incorporating the Statement of Facts submitted in support of its summary judgment motion; (e) eleven page Legal Argument; (f) one paragraph Conclusion; and (g) a twelve page Reply Statement of Material Facts. While the reply papers were well-drafted, they did not reflect any particularly complicated or novel legal arguments and resembled the average summary judgment reply papers.

The billing statements submitted in connection with review of the Plaintiffs' opposition brief and drafting of Defendant's summary judgment reply brief also include substantial hours of: "work," "continue to work," "preparation," "drafting," "continue drafting" and "review." Furthermore, the bills also reflect numerous communications within and between attorneys in the two firms. After careful consideration, the Undersigned finds that the **95 hours**, resulting in **$37,812.50** billed, reflects a collective effort far beyond what the case warranted.

In total, the billing statements reflect **$86,659.00** of attorneys' fees in connection with the summary judgment briefing in this matter. The Undersigned finds this to be unreasonable in light of the relevant factors, and accordingly, a reduction in attorneys' fees related to the

---

[7] The exhibits themselves consisted of: (1) 1/16/08 proposed term sheet; (2) e-mail messages between Peter D. Aufrichtig, Esq. and Bette Grayson, Esq.; (3) copy of e-mail messages regarding the bathrooms; (4) copy of e-mail messages regarding the store front; (5) e-mail message between Peter Aufrichtig, Esq. and Bette Grayson, Esq.; (6) copy of HVAC specifications; (7) copy of an e-mail message regarding vestibule revisions; (8) and (9) copies of e-mail messages regarding fiber optic installation; (10) copy of Banco's termination letter; and (11) copy of lease between Armur and Banco.

summary judgment motion is warranted. *See Garden State Auto Park Pontiac GMC Truck, Inc.*

*v. Elec. Data Sys. Corp.*, 31 F. Supp. 2d 378, 385 (D.N.J. 1998) (finding summary judgment fees

of $20,991.45 for 243.75 hours of legal work to be "excessive in light of the relatively simple

legal and factual basis for the motion," and warranting a 50% reduction in summary judgment

billings, to $10,495.75). Based on a careful consideration of the legal and factual basis of this

motion and a consideration of the fees charged, the Court finds it appropriate to recommend a

deduction of 60% of the total billings in connection with summary judgment pleadings, or

**$51,995.40**.

      D.    Redacted Time Entries

      Exhibit E reflects Defendant's billing entries for numerous tasks which were logged

using partially or completely redacted descriptions.[8] The hours break down as follows:

| | |
|---|---|
| PDA: | 91.5 hours |
| MO: | 19.6 hours |
| MR: | 12.0 hours |
| PHS: | 7.5 hours |
| JTE: | 7.0 hours |
| RHG: | 6.0 hours |
| RMR: | 1.75 hours |
| HB: | 1.5 hours |
| KD: | 1.5 hours |
| TMB: | 1.5 hours |
| JJB: | 1.0 hour |
| JPH: | 1.0 hour |
| PP: | 1.0 hour |

Many of the time entries with redactions also include services that are at least partially

discernible. However, even many of the discernible portions of the billing entries consist of

---

[8] While a deduction of all time with redacted descriptions is improper due to the privileged
nature of certain communications, the Court will "exclude from the lodestar those entries for
which the redaction is so pervasive that it is simply impossible to determine 'the nature of the
services for which compensation is sought.'" *Schiffer Publ'g, Ltd. v. Chronicle Books, LLC*, No.
Civ. 0003-44444962, 2005 WL 1244923, at *9 (E.D. Pa. May 24, 2005) (quoting *Lindy Bros.
Builders, Inc. v. Am. Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 167 (3d Cir. 1973)).

inter- and intra-firm communications and correspondence and represent duplicative efforts, areas

that the Court also finds excessive.  Defendant's counsel collectively billed **152.85** hours and

**$60,000** in attorneys' fees for partially redacted, duplicative and otherwise excessive work.

After careful consideration, the Undersigned recommends a deduction of **$39,000**, representing a

65% reduction for this category.

      E.      Total Deductions

| Category | Deduction |
|---|---|
| **Generally Excessive** | $79,831.33 |
| **Inter-Firm and Intra-Firm Correspondence** (and otherwise duplicative/excessive) | $69,244.06 |
| **Summary Judgment** | $51,995.40 |
| **Redacted/Partially Redacted** (and otherwise duplicative/ excessive) | $39,000.00 |
| **Total:** | $240,070.79 |

Under the Court's discretion in awarding attorneys' fees, and pursuant to the

aforementioned authorities, the Undersigned has calculated a **$240,070.79** reduction as set forth

above.  Subtracting that amount from the $512,631.22 attorneys' fees originally requested, the

total amount the Undersigned recommends be awarded is **$272,560.43**.

## III.    **CONCLUSION**

The Court has carefully reviewed and considered Defendant's Fee Certification and

accompanying billing statements, Defendant's arguments in support of its position, and the

relevant factors, and finds that an award of **$272,560.43** is the reasonable amount of attorneys'

fees that the Court should award Defendant. For the reasons set forth above, the Undersigned

respectfully recommends that the Court award Defendant **$272,560.43** in attorneys' fees.


           s/ Michael A. Shipp
**HONORABLE MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**

# EXHIBIT A

## DOCKET SHEET

Of the 67 numbered entries, Defendants' actions are listed below:

| Date | Doc. No. | Item |
|------|----------|------|
| 6/09/09 | 1 | Notice of Removal by BANCO DO BRASIL |
| 6/09/09 | 2 | Corporate Disclosure Statement by BANCO DO BRASIL |
| 6/11/09 | 3 | Notice of Appearance by Paul Schafhauser on behalf of BANCO DO BRASIL |
| 6/11/09 | 4 | Certificate of Service re: Notice of Appearance & Notice of Removal by BANCO DO BRASIL |
| 6/12/09 | 5 | Notice of Appearance of Peter Aufrichtig by BANCO DO BRASIL |
| 6/30/09 | 6 | Answer to Complaint and Counterclaim by BANCO DO BRASIL |
| 9/25/09 | 9 | Letter from Paul Schafhausher with attached Joint Discovery Plan by BANCO DO BRASIL |
| 12/22/09 | 13 | Letter from Paul Schafhauser enclosing proposed Confidentiality Stipulation and Order by BANCO DO BRASIL |
| 2/11/10 | 15 | Letter from Paul Schafhauser to the Court on behalf of BANCO DO BRASIL |
| 2/19/10 | 16 | Letter from Paul Schafhauser to the Court on behalf of BANCO DO BRASIL |
| 3/05/10 | 21 | Letter from Paul Schafhauser to the Court on behalf of BANCO DO BRASIL |
| 3/10/10 | 22 | Letter from Paul Schafhauser to the Court on behalf of BANCO DO BRASIL |
| 3/21/10 | 24 | Letter from Paul Schafhauser to the Court on behalf of BANCO DO BRASIL |
| 3/23/10 | 25 | Letter from Paul Schafhauser to the Court on behalf of BANCO DO BRASIL |
| 5/21/10 | 29 | Letter from Paul Schafhauser to the Court on behalf of BANCO DO BRASIL |
| 6/07/10 | 32 | Response in Opposition to motion to withdraw as counsel by BANCO DO BRASIL |
| 6/11/10 | 34 | Letter regarding the scheduling of expert discovery on behalf of BANCO DO BRASIL |
| 6/11/10 | 37 | Letter from Paul Schafhauser to the Court on behalf of BANCO DO BRASIL |
| 6/21/10 | 38 | Letter from Paul Schafhauser to the Court on behalf of BANCO DO BRASIL |
| 9/23/10 | 41 | Motion to dismiss by BANCO DO BRASIL |
| 10/08/10 | 43 | Letter from Paul Schafhauser on behalf of BANCO DO BRASIL |
| 10/29/10 | 46 | Letter from Paul Schafhauser on behalf of BANCO DO BRASIL |
| 11/03/10 | 48 | Letter from Paul Schafhauser on behalf of BANCO DO BRASIL |
| 11/22/10 | 52 | Reply brief to motion to dismiss by BANCO DO BRASIL |

| 12/23/10 | 54 | Letter from Paul Schafhauser on behalf of BANCO DO BRASIL |
| 1/12/11 | 57 | Motion for summary judgment by BANCO DO BRASIL |
| 2/03/11 | 60 | Letter from Paul Schafhauser to the Court on behalf of BANCO DO BRASIL |
| 2/07/11 | 61 | Summary judgment reply brief by BANCO DO BRASIL |
| 5/05/11 | 64 | Motion for attorney's fees by BANCO DO BRASIL |
| 9/12/11 | 67 | Letter from Peter Aufrichtig to the Court on behalf of BANCO DO BRASIL |

Of the 67 numbered entries, Plaintiffs' actions are listed below:

| Date | Doc. No. | Item |
| --- | --- | --- |
| 7/31/09 | 8 | Answer to counterclaim |
| 10/21/09 | 11 | Notice of appearance of Leonard A. Peduto, Jr. |
| 10/30/09 | 12 | Letter from Leonard A. Peduto |
| 2/22/10 | 17 | Letter from Leonard A. Peduto |
| 2/25/10 | 18 | Letter from Leonard A. Peduto |
| 3/5/10 | 19 | Letter from Leonard A. Peduto |
| 5/13/10 | 26 | Letter from Leonard A. Peduto |
| 5/20/10 | 28 | Motion to withdraw as counsel (Leonard A. Peduto) |
| 5/21/10 | 30 | Motion to withdraw as counsel (Bette Grayson) |
| 6/10/10 | 33 | Reply to motion to withdraw as counsel |
| 6/14/11 | 36 | Reply to motion to withdraw as counsel |
| 6/15/10 | 35 | Letter from Leonard A. Peduto |
| 10/8/10 | 42 | Letter from Carlos DaFonseca and Frank Paredes |
| 10/28/10 | 45 | Certification in opposition to motion to dismiss |
| 11/11/10 | 50 | Certification in opposition to motion to dismiss |
| 1/26/11 | 59 | Brief in opposition to summary judgment motion |
| 9/8/11 | 66 | Letter from Plaintiff's counsel |

Finally, the 67 numbered entries consist of the following activities of the Court:

| Date | Doc. No. | Item |
| --- | --- | --- |
| 7/15/09 | 7 | Order setting initial scheduling conference |
| 9/29/09 | 10 | Pretrial Scheduling Order |
| 12/30/09 | 14 | Confidentiality Stipulation and Order |
| 3/5/10 | 20 | Discovery Order |
| 3/15/10 | 23 | Order |
| 5/17/10 | 27 | Text Order granting Plaintiffs' counsel leave to file a motion to withdraw as counsel |
| 5/24/11 | 31 | Text Order granting Plaintiffs' counsel leave to file a motion to withdraw as counsel |
| 7/16/10 | 39 | Text Order scheduling conference |

| 7/22/10 | 40 | Order granting motion to withdraw as counsel |
| 10/18/10 | 44 | Order denying 30-day extension to retain new counsel |
| 11/1/10 | 47 | Text order scheduling conference |
| 11/3/10 | 49 | Text order adjourning conference |
| 11/8/10 | 51 | Order setting conference |
| 12/22/10 | 53 | Opinion & Order denying Defendant's motion to dismiss and granting Defendant leave to file summary judgment motion |
| 1/3/11 | 55 | Text order setting conference |
| 1/11/11 | 56 | Text order setting summary judgment briefing schedule |
| 1/26/11 | 58 | Substitution of attorney |
| 4/5/11 | 62 | Opinion |
| 4/5/11 | 63 | Order granting motion for summary judgment |
| 8/15/11 | 65 | Text order scheduling oral argument on motion to withdraw as counsel |

# EXHIBIT B

# GENERALLY EXCESSIVE

## McCarthy Fingar

| Date | Biller | Activity | Hours | Rate | Total |
|---|---|---|---|---|---|
| 11/16/10 | ESK | Conference with Peter Aufrichtig; draft of reply to opposition to motion to dismiss; Review documents | 4.0 | $225 | $900 |
| 11/17/10 | ESK | Draft of motion in further support of motion to dismiss; Conference with Peter Aufrichtig | 5.0 | $225 | $1125 |
| 11/18/10 | ESK | Conference with Peter Aufrichtig re: reply to opposition to motion to dismiss | .40 | $225 | $90 |
| 11/19/10 | ESK | Revise Memo of Law and Reply; Conference with Peter Aufrichtig and Mike O'Malley | 3.0 | $225 | $675 |
| 11/21/10 | ESK | Revisions on memo of law | 2.5 | $225 | $562.50 |
| 11/22/10 | ESK | Conference with Peter Aufrichtig and Paul from Newark, finish draft of memo of law | 2.0 | $225 | $450 |
| | | | **16.9** | | |
| 6/18/09 | JL | Notes regarding Exhibits. | 1.5 | $175 | $262.50 |
| 6/22/09 | JL | MEMO regarding Exhibits. | 1 | $175 | $175.00 |
| 6/23/09 | JL | MEMO regarding Exhibits. | 3 | $175 | $525.00 |
| 6/24/09 | JL | MEMO regarding Exhibits. | 4.3 | $175 | $752.50 |
| | | | **9.8** | | |
| 9/29/09 | JTE | Attendance at Federal District Court in Newark, NJ with Peter D. Aufrichtig and Paul Schafhauser re: Newark litigation.  Conference with Peter D. Aufrichtig and Paul Schafhauser. | **4.0** | $225 | $900 |
| 1/12/10 | JTE | Reviewed Settlement Letter draft; Email from Peter D. Aufrichtig. | 0.25 | $225 | $56.25 |

| | | | | | |
|---|---|---|---|---|---|
| 1/19/10 | JTE | Conference with Peter D. Aufrichtig; Emails from P. Schafhauser, M. Rodriguez, and Y. Padilla; Reviewed C. Glancey Subpoena and Notice of Deposition; reviewed draft settlement letter. | 0.75 | $225 | $168.75 |
| | | | **1.0** | | |
| 2/16/10 | JTE | Conferences with Peter D. Aufrichtig; Travel to and from Newark, New Jersey; Attendance at A. DaSilva and M. Neves Depositions; conferences with P. Schafhauser and M. O'Malley at Herrick Feinstein, LLP. | 9.5 | $225 | $2,137.50 |
| 2/17/10 | JTE | Preparation for F. Paredes Deposition; Document review; Conferences with Peter D. Aufrichtig. | 7.25 | $225 | $1631.25 |
| 2/18/10 | JTE | Conferences with Peter D. Aufrichtig; Conferences with P. Schafhauser and M. O'Malley (Herrick Feinstein); Travel to and from Newark, NJ; Attendance at F. Paredes Deposition. | 12 | $225 | $2,700.00 |
| 2/19/10 | JTE | Attendance at Depositions of Banco employees; emails from P. Schafhauser; Telephone dall from M. O'Malley; Conferences with Peter D. Aufrichtig; Reviewed Notice of Motion, Proposed Order, Certification of Motion, and Letter to Magistrate Judge Shipp re: AEO designation | 4.0 | $225 | $900 |
| 2/24/10 | JTE | Conferences with Peter D. Aufrichtig; Travel to and from S. McGrane Deposition; Attendance at McGrane Deposition; Preparation for Fonseca Depositions. | 9.0 | $225 | $2025 |
| | | | **41.75** | | |

| | | | | | |
|---|---|---|---|---|---|
| 3/2/10 | JTE | Conferences with Peter D. Aufrichtig; Travel to and from Federal District Courthouse, Newark, NJ; Attendance at court conference; Preparation for Court conference; Document review. | **5.5** | $225 | $1237.50 |
| 3/4/10 | JTE | Attendance at Deposition; Conference with Peter D. Aufrichtig; Emails from Peter D. Aufrichtig and Paul Schafhauser; reviewed letter to Magistrate Judge Shipp. | 4.75 | $225 | $1068.75 |
| 3/16/10 | JTE | Preparation for Deposition; travel to and from deposition; Attendance at Deposition; Conference with Peter D. Aufrichtig. | 6.5 | $225 | $1462.50 |
| 3/24/10 | JTE | Conferences with Peter D. Aufrichtig; Emails to Peter D. Aufrichtig; Telephone call from Peter D. Aufrichtig; Document review; Preparation for C. Glancey Deposition. | 4 | $225 | $900.00 |
| 3/29/10 | JTE | Conference with Peter D. Aufrichtig; E-mail to Peter D. Aufrichtig; Email from Peter D. Aufrichtig; Preparation for Fonseca Depositions | 2.5 | $225 | $562.50 |
| 3/31/10 | JTE | Conferences with Peter D. Aufrichtig; Telephone call from Peter D. Aufrichtig; Travel to and from depositions in Newark, NJ; Attendance at Depositions in Newark, NJ | 4.75 | $225 | $1068.75 |
| | | | **22.5** | | |
| 4/20/10 | JTE | Reviewed C. Glancey's deposition; Document Review; Reviewed photographs from C. Glancey re: 158-160 Ferry Street, Newark, NJ. | 4 | $225 | $900.00 |
| 4/21/10 | JTE | Reviewed C. Glancey's deposition. | 3 | $225 | $675.00 |
| | | | **7** | | |
| 5/20/10 | JTE | Conference with Peter D. Aufrichtig; Emails from Peter D. | 1.25 | $225 | $281.25 |

| | | | | | |
|---|---|---|---|---|---|
| | | Aufrichtig and P. Schafhauser; Reviewed Lenny Peduto Esq.'s Affidavit re: withdrawal as counsel. | | | |
| 5/21/10 | JTE | Emails from Peter D. Aufrichtig, P. Schafhauser, and M. O'Malley; Reviewed motion papers from Attorney Bette R. Grayson re: withdrawal; Legal research. | 1.5 | $225 | $337.50 |
| 5/26/10 | JTE | Emails from Peter D. Aufrichtig and P. Schafhauser; Document review; Preparation of papers opposing Attorney Peduto and Attorney Grayson's motion to withdraw as plaintiffs' co-counsel. | 3.75 | $225 | $843.75 |
| 5/27/10 | JTE | Preparation of response to Attorneys Peduto and Grayson's applications to withdraw as counsel; E-mail to Peter D. Aufrichtig; Document review. | 3.50 | $225 | $787.50 |
| 5/28/10 | JTE | Revised court papers opposing Attorney Peduto's and Attorney Grayson's motions to withdraw as plaintiffs' counsel; E-mail to Peter D. Aufrichtig. | 1.25 | $225 | $281.25 |
| 6/1/10 | JTE | Conference with Peter D. Aufrichtig; Emails to Peter D. Aufrichtig; Emails from Peter D. Aufrichtig; Revised opposing papers to Attorney Grayson's and Attorney Peduto's motions to withdraw; document review. | 4.25 | $225 | $956.25 |
| 6/2/10 | JTE | Emails to and from Peter D. Aufrichtig; Conferences with Peter D. Aufrichtig; Document review; Further revisions to court papers opposing Attorney Peduto's and Grayson's motions to withdraw as co-counsel. | 3.0 | $225 | $675 |
| 6/3/10 | JTE | Emails to and from Peter D. Aufrichtig, P. Schafhauser, and M. O'Malley; Document review; Revised court papers opposing Attorney Peduto's and Attorney | 1.5 | $225 | $337.50 |

| Date | Initials | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | Grayson's motions to withdraw as counsel. | | | |
| 6/10/10 | JTE | Conference with Peter D. Aufrichtig; Emails from Peter D. Aufrichtig and P. Schafhauser; Reviewed reply papers from Attorney L. Peduto. | .75 | $225 | $168.75 |
| | | | **20.75** | | |
| 3/24/10 | MR | Conference with Peter Aufrichtig and Jonathan Engel; preparation and review of documents for Chris Glancey deposition. | 4 | $225 | $900.00 |
| 3/25/10 | MR | Preparation of Deposition; Attendance at Deposition of Chris Glancey in Newark, NJ | 10.50 | $225 | $2362.50 |
| | | | **14.50** | | |
| 9/29/09 | PDA | Preparation, travel and attendance at preliminary conference in Newark with Magistrate Judge Shipp with local counsel, Jonathan Engel and Bette Grayson, report to client | **4.25** | $425 | $1912.50 |
| 1/12/10 | PDA | Draft Settlement letter and forward to Milton and Paul Schafhauser. | 2 | $425 | $850.00 |
| 1/14/10 | PDA | Work on settlement conference letter, emails and telephone with Paul Schafhauser and email with Milton Rodriguez. | 2.25 | $425 | $956.25 |
| 1/18/10 | PDA | Work on depositions and settlement letter and review Danco documents for deposition. | 5.5 | $425 | $2,337.50 |
| 1/19/10 | PDA | Work on final version of settlement letter to Judge with emails to Milton and Paul Schafhauser, work on revisions to discovery notices to Danco and Neves and da Silva, telephone with Paul Schafhauser regarding REDACTED. | 3.5 | $425 | $1,487.50 |
| | | | **13.25** | | |

| | | | | | |
|---|---|---|---|---|---|
| 1/26/10 | PDA | Prepare for conference, review Court's order, telephone with Paul Schafhauser various, telephone Milton, emails, conference with Court, work on deposition notices, detailed report letter to Milton. | **4** | $425 | $1,700.00 |
| 2/16/10 | PDA | Prep, travel, and depositions in Newark of Al da Silva and Marco Neves, and prep for Frank Paredes. | 11 | $425 | $4,675.00 |
| 2/17/10 | PDA | Prepare Brauna and Milton for deposition at White Plains office, emails with Lenny and Paul Schafhauser, prep for Paredes deposition with Jonathan | 6.5 | $425 | $2762.50 |
| 2/18/10 | PDA | Travel and deposition of Frank Paredes in Newark, emails and telephone various regarding case. | 12 | $425 | $5,100.00 |
| 2/19/10 | PDA | Prep and depositions of Milton Rodriguez, Mauricio Leonardo; emails with Paul Schafhauser emails with Brauna and Milton, review documents | 6.0 | $425 | $2550 |
| 2/24/10 | PDA | Deposition of Stephen McGrane in New York and travel, report to client | 8.0 | $425 | $3400 |
| | | | **43.5** | | |
| 3/2/10 | PDA | Preparation for settlement and compliance conference, travel and settlement conference in Newark with Judge Shipp and Milton and adversaries, email report, schedule Brauna deposition and report email to Milton and Brauna | **6.0** | $425 | $2550 |
| 3/4/10 | PDA | Work on discovery and deposition prep, email draft of Milton's deposition transcript to him, letter regarding Glancey and telephone various, preparation with Brauna for his deposition and Brauna deposition at McCarthy Fingar White Plains | 6.5 | $425 | $1462.50 |

| 3/16/10 | PDA | Deposition of George Mandarakas in Murray Hill, NJ | 6.5 | $425 | $2762.50 |
|---|---|---|---|---|---|
| 3/24/10 | PDA | Prep for Glancey Deposition with Jonathan and Michael Riolo. | 4 | $425 | $1,700.00 |
| 3/25/10 | PDA | Deposition of Chris Glancey and travel to Newark | 11.00 | $425 | $4675 |
| 3/29/10 | PDA | Prep for Fonseca deposition | 2.25 | $425 | $956.25 |
| 3/31/10 | PDA | Prepare, travel and take depositions of Carlos and Vicky Fonseca in Newark, speak with Chris Glancey | 5.0 | $425 | $2125 |
| | | | **35.25** | | |
| 5/20/10 | PDA | Review emails and motion from Lenny and Bette letter, discuss with Milton in NY and emails and telephone with Paul Schafhauser in connection with response, Work on expert Karu report and scheduling of deposition letters with Paul and Jonathan Engel | **3.0** | $425 | $1275 |
| 5/28/10 | PDA | Work on expert and attorney motions and review affidavit | 2.0 | $425 | $850 |
| 6/10/10 | PDA | Review Lenny's affidavit, discuss with Paul, work on response to Lenny's affidavit with Jonathan and Paul Schafhauser | 2.25 | $425 | $956.25 |
| 6/11/10 | PDA | Telephone Paul Schafhauser regarding response to Lenny's Reply brief, review draft letter and discuss with Jonathan Engel | 1.25 | $425 | $531.25 |
| | | | **5.50** | | |
| 11/16/10 | PDA | Work on response with Leeza, review papers, conference call with Paul Schafhauser and Mike O'Malley | 4.0 | $425 | $1700 |
| 11/17/10 | PDA | Work on Reply to Motion to Dismiss | 2.0 | $425 | $850 |
| 11/18/10 | PDA | Work on Reply Brief, review O'Malley section and modify and incorporate into draft, discuss with Leeza | 2.0 | $425 | $850 |

| | | | | | |
|---|---|---|---|---|---|
| 11/19/10 | PDA | Work on drafting Reply Brief, meet with Leeza and conference call with Mike O'Malley, review changes and assemble drafts | 6.0 | $425 | $2550 |
| 11/20/10 | PDA | Work on Reply Brief, emails to Schafhauser and Leeza | 4.5 | $425 | $1912.50 |
| 11/22/10 | PDA | Finalize Reply and conference all with Newark Counsel, make final changes and check filing, updated status report to Brauna and Milton | 4.25 | $225 | $956.25 |
| | | | **22.75** | | |
| | | | | | **$88,236** |

### Herrick Feinstein

| Date | Biller | Activity | Hours | Rate | Total |
|---|---|---|---|---|---|
| 7/1/09 | AAC | Docketed No. 6 Banco do Brasil, S.A.'s Answer, Affirmative Defenses and Counterclaim. | 0.1 | $180 | $18.00 |
| 7/2/09 | AAC | Docketed No. 6 Banco do Brasil, S.A.'s Answer, Affirmative Defenses and Counterclaim. | 0.1 | $180 | $18.00 |
| | | | **0.2** | | |
| 6/09/09 | ES | Assisted atty in preparing to file a notice of removal in the Dist. of NJ; electronically filed notice of removal, civil cover sheet, and corporate disclosure stmnt in US Dist. Ct. of NJ. | **1** | $230 | $230.00 |
| 2/02/10 | MO | Writing a letter to Chris Glancey re: the change in deposition date. | **0.8** | $425 | $340.00 |
| 02/16/10 | MO | Depositions of da Silva and Neves | 6.3 | $425 | $2677.50 |
| 02/18/10 | MO | Deposition of Frank Paredes. | 7.6 | $425 | $3230.00 |
| | | | **13.9** | | |

| | | | | | |
|---|---|---|---|---|---|
| 05/20/10 | MO | Drafting letter to judge shipp regarding Lenny's and Bette's withdrawal and extension for expert witness discovery. | **1.5** | $425 | $637.50 |
| 06/03/10 | MO | Editing and reviewing affidavit of P. Aufrichtig. | **1.0** | $425 | $425.00 |
| 07/22/10 | MO | Travel to and from hearing, attending the hearing regarding motion to withdraw. | **2.2** | $425 | $935.00 |
| 08/30/10 | MO | Legal research regarding motion to dismiss in federal court, begin drafting brief in support of motion to dismiss and award attorney's fees | 1.6 | $425 | $680.00 |
| 08/30/10 | MO | Continue drafting brief in support of motion to dismiss and to award attorneys' fees. | 1.8 | $425 | $765.00 |
| 08/30/10 | MO | Continue drafting brief in support of motion to dismiss and to award attorneys' fees | 2.4 | $425 | $1020.00 |
| 08/30/10 | MO | Drafting Certification of P. Schafhauser in support of Motion to Dismiss and Award Attorneys' Fees. | 1.5 | $425 | $637.50 |
| 08/30/10 | MO | Drafting Notice of Motion for Motion, Proposed Order, Editing the Brief and supporting documents. | 2.3 | $425 | $977.50 |
| 08/30/10 | MO | Editing and revising all documents for Motion to Dismiss and to Award Attorneys fees. | .8 | $425 | $340 |
| 08/31/10 | MO | Editing Motion to Dismiss and Award Attorneys fees, updating the service list. | .7 | $425 | $297.50 |
| 08/31/10 | MO | Conforming the Brief in Support of Motion to Dismiss to the Federal District of New Jersey Local Rules and making edits. | .5 | $425 | $212.50 |
| 09/21/10 | MO | Check PACER for updates to case and call to P. Aufrichtig regarding motion to dismiss and Armur's inability to retain counsel. | .2 | $425 | $85.00 |
| 09/21/10 | MO | Reviewing edits and changes to motion from P. Aufrichtig | .1 | $425 | $42.50 |

| | | | | | |
|---|---|---|---|---|---|
| 09/23/10 | MO | Finalizing motion to dismiss, pulling records and accumulating exhibits for the certification of P. Schafhauser. | .7 | $425 | $297.50 |
| | | | 12.6 | | |
| 11/17/10 | MO | Begin drafting Reply Brief in further support of motion to dismiss | 1.0 | $425 | $425.00 |
| 11/18/10 | MO | Drafting Reply Brief in Further Support of further Motion to Dismiss. | 3.8 | $425 | $1615 |
| 11/19/10 | MO | Reviewing Peter and Leeza's portion of the Reply Brief in Further Support of Motion to Dismiss. | .8 | $425 | $340.00 |
| 11/19/10 | MO | Drafting, editing revising and conforming the Reply Brief in Further Support of Motion to Dismiss. | 4.4 | $425 | $1870.00 |
| | | | 10 | | |
| 6/09/09 | PHS | Review of complaint and other papers; revisions to notice of removal to reflect modified pleadings; revisions to all papers; drafting of CIS and rule 7.1 statement. | 2.2 | $425 | $935.00 |
| 6/11/09 | PHS | Review and consideration of Bette Grayson brief to Judge Klein; telephone conference with Phil and correspondences to Peter re: same; telephone call with Phil. | 0.3 | $425 | $127.50 |
| 6/11/09 | PHS | Review and revisions to letter to Judge Klein. | 0.2 | $425 | $85.00 |
| 6/11/09 | PHS | Review and consideration of Bette Grayson brief to Judge Klein; telephone conference with Phil and correspondences to Peter re: same. | 0.3 | $425 | $127.50 |
| | | | 0.8 | | |

| | | | | | |
|---|---|---|---|---|---|
| 9/29/09 | PHS | Attendance at Rule 16 conference before Magistrate Judge Shipp; consultation with Peter re: strategies going forward. | **1.8** | $425 | $765.00 |
| 03/02/10 | PHS | Case management/settlement conference, pre-conference discussion with Peter, Jonathan and Milton. | **2.2** | $425 | $935.00 |
| 05/20/10 | PHS | Review, revisions and further drafting of letter to Judge Shipp re: plaintiffs' 2 motions to withdraw | .5 | $425 | $212.50 |
| 05/20/10 | PHS | Review of motion for leave to withdraw, correspondence to Peter re: next steps and potential response | .2 | $425 | $85.00 |
| 05/21/10 | PHS | Review of Peter's revisions to letter, further revisions to letter to Judge Shipp, compilation of exhibits and finalization of objection | .6 | $425 | $255.00 |
| 05/21/10 | PHS | Review and consideration of Bette Grayson's motion, outlining of next steps/response | .2 | $425 | $85.00 |
| | | | **1.5** | | |
| 09/07/10 | PHS | Review and revisions to motion papers re: dismissal/attorneys fees, correspondence to Peter re: same | .8 | $425 | $340.00 |
| 09/21/10 | PHS | Review of Peter's changes, revisions to Schafhauser Certification and correspondence to Peter re: same, correspondence with Mike re: filing of papers on 9/23 | .2 | $425 | $85.00 |
| | | | **1.0** | | |
| 11/18/10 | PHS | Review and revisions to draft of Poulis analysis | .3 | $425 | $127.50 |
| 11/20/10 | PHS | Review and revisions to brief in further support of dismissal motion and correspondence with Peter re: same | .6 | $425 | $255.00 |

| | | | | | |
|---|---|---|---|---|---|
| 11/22/10 | PHS | Further revisions to reply brief, table of contents, table of authorities and finalization of same for filing, review of local rules re: unpublished opinions and confirmation of compliance therewith | .4 | $425 | $170.00 |
| 11/22/10 | PHS | Further review and revisions to reply brief in light of Peter and Leeza's revisions | .4 | $425 | $170.00 |
| 11/22/10 | PHS | Further revisions to reply, table of contents, table of authorities and finalization of papers | .4 | $425 | $170.00 |
| | | | **2.1** | | |
| 4/24/09 | PP | Prepare notices of removal for Banco do Brasil; telephone conference with P. Schafhauser re: same. | **4.8** | $425 | $2,040.00 |
| 6/11/09 | PP | Prepare and revise notices and certs of service, telephone conference with Ed Strecker re same; telephone conference with judge's law clerk re plaintiff's opposition motion; prepare confirming letter to court that judge would not hear motion. | **1.7** | $425 | $722.50 |
| | | | | | |

$25,808.50

**TOTAL**     **$114,044.50**